IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DANIEL DEAN BENTON, et al., | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 1:07-cv-106-MHT |
| CITY OF HEADLAND, ALABAMA, | ) |
| Defendant. | ) |

## ANSWER

Defendant the City of Headland, Alabama, answers the plaintiffs' complaint as follows:

### STATEMENT OF THE PARTIES

1. The City admits that it is a political subdivision of the State of Alabama. The City also admits that its officers acted under color of state law and within the line and scope of their employment, although the City denies the plaintiffs' description and characterization of the incident. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 1. Therefore, they are denied.

2. Admitted.

### STATEMENT OF JURISDICTION

3. The City admits that the Court has subject matter jurisdiction over the plaintiffs' claims, but denies the substantive allegations of those claims.

## CAUSES OF ACTION

### COUNT I

4. The City is without knowledge or information sufficient to form a belief as to the truth of the averment regarding property ownership. Therefore, it is denied. The City admits that its officers entered the house while acting under color of state law and without a warrant. The City denies that the entry was without invitation or unlawful. The officers received consent to enter and exigent circumstances existed. The City also denies the remaining allegations of Paragraph 4.

5. Denied.

6. Denied.

### COUNT II

6. The City admits that a female child called the police. The City is without knowledge or information sufficient to form a belief as to the truth of the averments that the child was twelve years old and was taking a shower when the officers arrived. Therefore, they are denied. The remaining allegations of Paragraph 6 are denied.

7. The City admits that a dispatcher called back on the phone line. The City admits that a woman named Katie told the dispatcher that her daughter had dialed 911 by mistake. The City admits that the dispatcher instructed the woman to explain the situation to the police officers when they arrived. The City admits that the woman was dressed in a housecoat when the officers arrived.

The woman gave the officers consent to enter the house and exigent circumstances existed. All other allegations of Paragraph 7 are denied.

8. The City admits that plaintiff Dean told the officers to leave. All other allegations of Paragraph 8 are denied.

9. The City admits that its officers remained on the premises with justification. All other allegations of Paragraph 9 are denied.

### COUNT III

10. The City adopts and incorporates by reference Paragraphs 1 through 9, as if fully set forth verbatim herein.

11. The City admits that plaintiff Dean told the officers to leave. The City also admits that the officers did not offer plaintiff Dean any alternative to conducting their investigation at that time. All other allegations of Paragraph 11 are denied.

12. The City admits plaintiff Dean placed some calls. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 12. Therefore, they are denied.

13. The City admits plaintiff Dean placed some calls. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 13. Therefore, they are denied.

14. The City admits that a man who identified himself as plaintiff Dean's employer arrived and was refused entry to the house. The City further admits that plaintiff Benton entered the house. All other allegations of Paragraph 14 are denied.

15. Denied.

16. The City admits that plaintiff Dean was seated in a chair when he was placed under arrest. The City admits that plaintiff Dean resisted arrest with violence. The City also admits that plaintiff Dean bit an officer and tried to disarm two officers and that, in self-defense and to overcome plaintiff Dean's unlawful resistance, an officer struck plaintiff Dean causing an injury. All other allegations of Paragraph 16 are denied.

17. The City admits that plaintiff Dean left the house on a stretcher. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 17. Therefore, they are denied.

18. Denied.

19. The City admits that its officers acted under color of state law during the incident, but denies the plaintiffs' description and characterization of the officers' actions.

## COUNT IV

20. Denied.

21. Denied.

## COUNT V

22. Denied.

23. Denied.

## COUNT VI

24. The City admits that plaintiff Benton arrived at the house and was ordered to leave. The City admits that an officer struck plaintiff Dean in self-

defense and in an effort to overcome plaintiff Dean's violent resistance, but does not know whether plaintiff Benton witnessed that. The City admits that plaintiff Benton eventually left, but only after he assaulted one of the officers. The City denies the remaining allegations of Paragraph 24.

25.   Admitted.

26.   The City admits that its own officers acted under its supervision. All other allegations of Paragraph 26 are denied.

27.   The City admits that its police chief was present during some of the events that night and was the ranking officer on scene for the City of Headland. The City admits that its police chief was in command of the Headland police officers. The City admits that plaintiff Benton was taken to the ground and that reasonable force was used to overcome his unlawful resistance and restrain him. The City denies the remaining allegations of Paragraph 27.

28.   The City admits that an officer from another jurisdiction reasonably used a TASER to overcome plaintiff Benton's unlawful resistance. The City denies the plaintiffs' description of the TASER use. All other allegations of Paragraph 28 are denied.

29.   Denied.

## COUNT VII

30.   The City admits that plaintiff Benton arrived at the house and was ordered to leave. The City admits that an officer struck plaintiff Dean in self-defense and in an effort to overcome plaintiff Dean's violent resistance, but does not know whether plaintiff Benton witnessed that. The City admits that plaintiff

Benton eventually left, but only after he assaulted one of the officers. All other allegations of Paragraph 30 are denied.

31. Admitted.

32. The City admits that its own officers acted under its supervision. All other allegations of Paragraph 32 are denied.

33. The City admits that its police chief supervised the City's own officers. The City further admits that officers on scene used reasonable force to overcome plaintiff Benton's unlawful resistance, to include taking him to the ground, applying a TASER, and restraining him. All other allegations of Paragraph 33 are denied.

34. The City admits that an officer from another jurisdiction reasonably used a TASER to overcome plaintiff Benton's unlawful resistance. The City denies the plaintiffs' description of the TASER use. All other allegations of Paragraph 34 are denied.

35. Denied.

## COUNT VIII

36. Denied.

37. Denied.

## COUNT IX

38. The City adopts and incorporates by reference Paragraphs 1 through 37, as if fully set forth verbatim herein.

39. Denied.

40. Denied.

41. Denied.

## FIRST DEFENSE

The City pleads privilege.

## SECOND DEFENSE

The City pleads consent.

## THIRD DEFENSE

The City pleads justification.

## FOURTH DEFENSE

The City pleads Code of Alabama section 13A-3-22 (1975).

## FIFTH DEFENSE

The City pleads Code of Alabama section 13A-3-23 (1975).

## SIXTH DEFENSE

The City pleads Code of Alabama section 13A-3-27 (1975).

## SEVENTH DEFENSE

The City pleads Code of Alabama section 13A-3-28 (1975).

## EIGHTH DEFENSE

The City pleads self-defense.

## NINTH DEFENSE

The City pleads defense of others.

## TENTH DEFENSE

The City pleads collateral estoppel.

**ELEVENTH DEFENSE**

The City pleads the Rooker-Feldman doctrine.

**TWELFTH DEFENSE**

The City pleads the doctrine of Heck v. Humphrey, 512 U.S. 477 (1994).

**THIRTEENTH DEFENSE**

The City pleads the damages cap under Code of Alabama section 11-47-190 (1975).

**FOURTEENTH DEFENSE**

The City pleads the damages cap under Code of Alabama section 11-93-2 (1975).

**FIFTEENTH DEFENSE**

The City pleads failure to mitigate damages.

**SIXTEENTH DEFENSE**

The City pleads immunity under Code of Alabama section 6-5-338 (1975).

**SEVENTEENTH DEFENSE**

The City pleads immunity under Code of Alabama section 11-47-190 (1975).

**EIGHTEENTH DEFENSE**

The City pleads immunity from punitive damages under Code of Alabama section 6-11-26 (1975).

**NINTEENTH DEFENSE**

The City pleads immunity from punitive damages under City of Newport v. Fact Concerts, Inc., 453 U.S. 247 (1981).

### TWENTIETH DEFENSE

The City pleads contributory negligence.

### TWENTY-FIRST DEFENSE

The City pleads assumption of the risk.

### TWENTY-SECOND DEFENSE

The City pleads last clear chance.

### TWENTY-THIRD DEFENSE

The City pleads the Mt. Healthy defense. See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274 (1977). The City's officers would have reached the same decisions even in the absence of the plaintiffs' alleged First Amendment activity.

### NOTICE OF INTENT TO PURSUE ATTORNEY'S FEES

The City asserts that this action is groundless, frivolous, unreasonable, and/or without foundation and brought in bad faith. The City intends to pursue attorney's fees and expenses against the plaintiffs.

/s/ James H. Pike
James H. Pike (PIK003)
Attorney for Defendant
City of Headland, Alabama

OF COUNSEL:

SHEALY, CRUM & PIKE, P.C.
P.O. Box 6346
Dothan, Alabama 36302-6346
Tel. (334) 677-3000
Fax (334) 677-0030
E-mail jpike@scplaw.us

## **CERTIFICATE OF SERVICE**

I, James H. Pike, certify that on April 5, 2007, I electronically served a copy of this document upon:

Charles N. Reese
REESE & REESE ATTORNEYS
P.O. Drawer 250
Daleville, Alabama  36322

                                           **/s/ James H. Pike**
                                           James H. Pike