**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **DANIEL DEAN BENTON, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:07-cv-106-MHT** |
| | ) | |
| **CITY OF HEADLAND, ALABAMA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

<u>**MOTION TO COMPEL**</u>

Pursuant to Federal Rule of Civil Procedure 37(d), defendant the City of Headland, Alabama, moves to compel plaintiffs Daniel Dean and Daniel Dean Benton to respond to the City's outstanding discovery requests.

1.      On September 6, 2007, the City of Headland served interrogatories and requests for production of documents and tangible things on each plaintiff. (<u>See</u> Def.'s Exs. 1-4.)

2.      The plaintiffs' responses were due October 9, 2007.

3.      On November 8, 2007, defense counsel conferred with plaintiffs' counsel by phone in a good faith effort to obtain the responses without court action.

4.      On November 8, 2007, defense counsel sent plaintiffs' counsel a letter confirming the conversation.  (<u>See</u> Def.'s Ex. 5.)

5.      The plaintiffs have still failed to answer or object to the discovery requests.

WHEREFORE, the City of Headland moves the Court to order the plaintiffs to respond to all discovery requests within ten days.


**s/ James H. Pike**
James H. Pike (PIK003)
Attorney for Defendant
The City of Headland, Alabama

OF COUNSEL:

SHEALY, CRUM & PIKE, P.C.
P.O. Box 6346
Dothan, Alabama 36302-6346
Tel. (334) 677-3000
Fax (334) 677-0030
E-mail: jpike@scplaw.us

## CERTIFICATE OF SERVICE

I, James H. Pike, certify that on December 5, 2007, I electronically served a copy of this document upon:

Charles N. Reese
REESE & REESE ATTORNEYS
P.O. Drawer 250
Daleville, Alabama  36322


**s/ James H. Pike**
James H. Pike

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| DANIEL DEAN BENTON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:07-cv-106-MHT |
| | ) | |
| CITY OF HEADLAND, ALABAMA, | ) | |
| | ) | |
| Defendant. | ) | |

### INTERROGATORIES TO DANIEL DEAN

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, defendant The City of Headland, Alabama, serves the following interrogatories upon plaintiff Daniel Dean.

### DEFINITIONS AND INSTRUCTIONS

1.    *Statement* includes any written or oral statement made, signed, or otherwise adopted or approved by the person making it, and any stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

2.    *Document* means the original (or an identical duplicate if the original is not available) and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind) of any writings of every kind and description that are fixed in any form of physical media. Physical media include, but are not limited to, paper media, photographic media,

photographic film media (including pictures, film, slides, and microfilm), magnetic media (including but not limited to computer memory, hard disks, floppy disks, compact disks, and magnetic tapes of any kind), optical media, magneto-optical media, and other physical media on which notations or marking of any kind can be affixed.

3.     *Statement*, *document* and *tangible thing* each includes, but is not limited to, any such item prepared in anticipation of litigation or for trial by or for any party to this action other than this defendant.

4.     *Identify*, when referring:

(a)     To a person means to state his or her full name, present or last known residential address, present or last known employment address, residential telephone number, employment telephone number, date of birth, social security number, and driver license state and number.

(b)     To a public or private corporation, partnership, association, or other organization or to a governmental body means to state its full name, present or last known pertinent business address, business telephone number, and the names and positions of all persons known to you who are associated with such entity.

(c)     To a statement means to identify who made it, who took or recorded it, and all others, if any, present during the making thereof; to state when, where, and how it was taken or recorded, and to identify who has present or last known possession, custody, or control thereof;

(d)    To a document means to give a reasonably detailed description thereof, including, if applicable, when, where, and how it was made; to identify who made it; and to identify who has present or last known possession, custody, or control thereof; and

(e)    To any other tangible things means to give a reasonably detailed description thereof, including, if applicable, when, where, and how it was made; to identify who made it; and to identify who has present or last known possession, custody, or control thereof.

5.    Whenever a listing or identification of documents is requested in these Interrogatories, you may, as to each document to be listed, and in lieu of such listing or identification, attach copies to the answers or state when and where you will produce such document for inspection and copying.

6.    If an interrogatory is objected to in part, the objected to part or scope should be identified, the reasons for the objection clearly stated, and a complete answer to the remaining portions provided.

## **INTERROGATORIES**

1.    State your full name, home street address, home telephone number, date of birth, Social Security number, and driver license state and number.

2.    State your marital status, the name of your spouse (if any), and the names and dates of birth of your children.

3.      State your present occupation and identify by name, address, and telephone number all your places of employment throughout your life.   For each place, provide your job title, beginning and ending dates of employment, job description, supervisor's name, and reason for leaving.

4.      Identify by name, address, and telephone number all your relatives by blood or marriage that are over age eighteen and live in Coffee, Dale, Geneva, Henry, or Houston Counties.

5.      Have you ever been arrested, been indicted, been convicted of a crime, pled guilty to a crime, been accused by anyone of breaking any law, or been the subject of a criminal investigation or police report?  If so, for each occasion state the nature of the incident or offense, the state and county where the incident or offense occurred, the name of any court involved, the names of any law enforcement officers involved, whether you were convicted of breaking any law, and for each conviction, the sentence imposed.

6.      Aside from this case, have you ever been a party (either plaintiff or defendant) to a civil lawsuit?  If so, state the title of each such lawsuit, the case number, the name of the court in which it was pending, the nature of the lawsuit, and its disposition.

7.      If you contend that any statements or other admissions have been made by any employee of the City of Headland, identify the person you contend to have made such an admission, state the date, time, and place where the admission was allegedly made, state whether the alleged admission was written or oral, identify the custodian(s) of any tangible form(s) of the alleged admission, and state the words used.  If any document reflecting such an admission has been lost or destroyed, describe the document and the circumstances of its loss or destruction.

8.      State the name, address, and telephone number of each person you expect to call as an expert witness at trial, state the subject matter on which the expert is expected to testify, state the substance of the facts and opinions to which the expert is expected to testify, and provide a summary of the grounds for each opinion.

9.      State the name, address, and telephone number of every person present during any of the events alleged in your Complaint.

10.    Identify by name, address, and telephone number all people that you believe have knowledge of any facts that tend to support or refute your claims.

11.   Provide a chronological summary of all your whereabouts and actions during the twenty-four-hour periods immediately preceding and following your arrest.

12.   Have you, or anyone acting on your behalf, made any audio or video tape recordings of, or taken any statements from, any present or former employees of the City of Headland?  If so, state the name, address, and telephone number of each such person, provide the date of the recording or statement, and identify the custodian of the recording or statement.

13.   Have you, or anyone acting on your behalf, made any audio or video tape recordings of, or taken any statements from, any alleged witnesses to the events made the basis of your lawsuit?  If so, state the name, address, and telephone number of each such person, provide the date of the recording or statement, and identify the custodian of the recording or statement.

14.   Has there ever existed any audio or video tape recording of any events related to your lawsuit?  If so, state the name, address, and telephone number of the person who made the tape and of the last known custodians of all editions of the tape.

15.    Has anyone made any photographs or video tapes of the scene of the events made the basis of your lawsuit, or of any person or object related to those events?  If so, identify the person who made such photographs or video tapes by name, address, and telephone number, and describe what is depicted in the photographs or video tapes.

16.    Do you have possession of any physical evidence related to this lawsuit?  If so, provide a complete description of each item.

17.    If you claim to have suffered any physical injury as a result of the events alleged in your complaint, provide a complete description of the alleged injury and identify all medical providers from which you received treatment.

18.    State the name, address, and telephone number of all physicians, hospitals, and other health care providers you have ever consulted for any reason.

19.    State the name, address, and telephone number of all health plans under which you have ever been insured.

20.    Did you ingest any alcoholic beverages or drugs (legal or otherwise) within the twenty-four-hour periods immediately preceding your arrest?  If so, provide a complete description of what you ingested and when.


James H. Pike  (PIK003)
Attorney for Defendant
The City of Headland, Alabama

OF COUNSEL:

SHEALY, CRUM & PIKE, P.C.
P.O. Box 6346
Dothan, Alabama 36302-6346
Tel. (334) 677-3000
Fax (334) 677-0030
E-mail: jpike@scplaw.us


## CERTIFICATE OF SERVICE

I, James H. Pike, certify that on September 6, 2007, I mailed a copy of this document, postage prepaid and properly addressed, to:

Charles N. Reese
REESE & REESE
P.O. Box 250
Daleville, Alabama 36322-0250


James H. Pike

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **DANIEL DEAN BENTON, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:07-cv-106-MHT** |
| | ) | |
| **CITY OF HEADLAND, ALABAMA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**REQUESTS FOR PRODUCTION OF DOCUMENTS**
**AND TANGIBLE THINGS TO DANIEL DEAN**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, defendant The City of Headland, Alabama, serves the following requests for production of documents and tangible things upon plaintiff Daniel Dean.

**DEFINITIONS AND INSTRUCTIONS**

1.    *Statement* includes any written or oral statement made, signed, or otherwise adopted or approved by the person making it, and any stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

2.    *Document* means the original (or an identical duplicate if the original is not available) and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind) of any writings of every kind and description that are fixed in any form of physical media.  Physical media include, but are not limited to, paper media, photographic media,

1

photographic film media (including pictures, film, slides, and microfilm), magnetic media (including but not limited to computer memory, hard disks, floppy disks, compact disks, and magnetic tapes of any kind), optical media, magneto-optical media, and other physical media on which notations or marking of any kind can be affixed.

3.      *Statement*, *document*, and *tangible thing* each includes, but is not limited to, any such item prepared in anticipation of litigation or for trial by or for any party to this action.

4.      If a request is objected to in part, the objected to part or scope should be identified, the reasons for the objection should be clearly stated, and a complete response to the remaining portions should be provided.

5.      If a privilege is asserted regarding any document, provide a list of the date, type, author, and recipients of each such document and specify the privilege being asserted.

## **REQUESTS**

1.      All notes, journals, diaries, and other records concerning the allegations in your Complaint.

2.      All medical records, medical bills, and payment records related to any injuries that you claim are related to this lawsuit.

3.     All photographs and video tapes of any injuries that you clam are related to this lawsuit.

4.     All audio tapes, video tapes, and photographs of any present or former Headland police officer.

5.     All audio tapes, video tapes, and photographs of any witness to the events alleged in your Complaint.

6.     All video tapes and photographs of the scene of the events alleged in your Complaint, or of any person or object involved in those events.

7.     All witness statements related to this lawsuit.

8.     All physical evidence related to this lawsuit.

9.     All investigative reports related to the events alleged in your Complaint.

10.    Any deed or other document that evidences an ownership interest, or other right of possession, for the property described in Paragraph 4 of your Complaint.

11.    All correspondence between you, or someone acting on your behalf, and any employee, officer, or elected official of the City of Headland.

12.    All transcripts and recordings of your district court hearing.

13.    All documents related to the charges against you.

14.    All receipts and other documentation of any damages you claim.

15.    All e-mail messages sent or received by you that discuss the events made the basis of your lawsuit.

16.    All materials bearing the City of Headland's name or logo, or authored by the City of Headland or any of its officers or employees.

17.     All paperwork related to your arrest.

18.     All paperwork related to your release from custody.

19.     All damage claims filed with the City of Headland.

20.     All reports prepared by any person that you may call to present expert testimony.

21.     All documents and tangible things provided to any person that you may call to present expert testimony.

22.     All documents and tangible things received from any person that you may call to present expert testimony.

23.     All your state and federal income tax returns for the years 2001 through 2006.

James H. Pike  (PIK003)
Attorney for Defendant
The City of Headland, Alabama

OF COUNSEL:

SHEALY, CRUM & PIKE, P.C.
P.O. Box 6346
Dothan, Alabama 36302-6346
Tel. (334) 677-3000
Fax (334) 677-0030
E-mail: jpike@scplaw.us

## CERTIFICATE OF SERVICE

I, James H. Pike, certify that on September 6, 2007, I mailed a copy of

this document, postage prepaid and properly addressed, to:

Charles N. Reese
REESE & REESE
P.O. Box 250
Daleville, Alabama 36322-0250

James H. Pike

6

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| DANIEL DEAN BENTON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:07-cv-106-MHT |
| | ) | |
| CITY OF HEADLAND, ALABAMA, | ) | |
| | ) | |
| Defendant. | ) | |

### INTERROGATORIES TO DANIEL DEAN BENTON

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, defendant The City of Headland, Alabama, serves the following interrogatories upon plaintiff Daniel Dean Benton.

### DEFINITIONS AND INSTRUCTIONS

1.    *Statement* includes any written or oral statement made, signed, or otherwise adopted or approved by the person making it, and any stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

2.    *Document* means the original (or an identical duplicate if the original is not available) and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind) of any writings of every kind and description that are fixed in any form of physical media.  Physical media include, but are not limited to, paper media, photographic media,

1

photographic film media (including pictures, film, slides, and microfilm), magnetic media (including but not limited to computer memory, hard disks, floppy disks, compact disks, and magnetic tapes of any kind), optical media, magneto-optical media, and other physical media on which notations or marking of any kind can be affixed.

3.    *Statement, document* and *tangible thing* each includes, but is not limited to, any such item prepared in anticipation of litigation or for trial by or for any party to this action other than this defendant.

4.    *Identify*, when referring:

(a)    To a person means to state his or her full name, present or last known residential address, present or last known employment address, residential telephone number, employment telephone number, date of birth, social security number, and driver license state and number.

(b)    To a public or private corporation, partnership, association, or other organization or to a governmental body means to state its full name, present or last known pertinent business address, business telephone number, and the names and positions of all persons known to you who are associated with such entity.

(c)    To a statement means to identify who made it, who took or recorded it, and all others, if any, present during the making thereof; to state when, where, and how it was taken or recorded, and to identify who has present or last known possession, custody, or control thereof;

(d)    To a document means to give a reasonably detailed description thereof, including, if applicable, when, where, and how it was made; to identify who made it; and to identify who has present or last known possession, custody, or control thereof; and

(e)    To any other tangible things means to give a reasonably detailed description thereof, including, if applicable, when, where, and how it was made; to identify who made it; and to identify who has present or last known possession, custody, or control thereof.

5.    Whenever a listing or identification of documents is requested in these Interrogatories, you may, as to each document to be listed, and in lieu of such listing or identification, attach copies to the answers or state when and where you will produce such document for inspection and copying.

6.    If an interrogatory is objected to in part, the objected to part or scope should be identified, the reasons for the objection clearly stated, and a complete answer to the remaining portions provided.

## **INTERROGATORIES**

1.    State your full name, home street address, home telephone number, date of birth, Social Security number, and driver license state and number.

2.    State your marital status, the name of your spouse (if any), and the names and dates of birth of your children.

3.  State your present occupation and identify by name, address, and telephone number all your places of employment throughout your life.  For each place, provide your job title, beginning and ending dates of employment, job description, supervisor's name, and reason for leaving.

4.  Identify by name, address, and telephone number all your relatives by blood or marriage that are over age eighteen and live in Coffee, Dale, Geneva, Henry, or Houston Counties.

5.  Have you ever been arrested, been indicted, been convicted of a crime, pled guilty to a crime, been accused by anyone of breaking any law, or been the subject of a criminal investigation or police report?  If so, for each occasion state the nature of the incident or offense, the state and county where the incident or offense occurred, the name of any court involved, the names of any law enforcement officers involved, whether you were convicted of breaking any law, and for each conviction, the sentence imposed.

6.  Aside from this case, have you ever been a party (either plaintiff or defendant) to a civil lawsuit?  If so, state the title of each such lawsuit, the case number, the name of the court in which it was pending, the nature of the lawsuit, and its disposition.

7.  If you contend that any statements or other admissions have been made by any employee of the City of Headland, identify the person you contend to have made such an admission, state the date, time, and place where the admission was allegedly made, state whether the alleged admission was written or oral, identify the custodian(s) of any tangible form(s) of the alleged admission, and state the words used.  If any document reflecting such an admission has been lost or destroyed, describe the document and the circumstances of its loss or destruction.

8.  State the name, address, and telephone number of each person you expect to call as an expert witness at trial, state the subject matter on which the expert is expected to testify, state the substance of the facts and opinions to which the expert is expected to testify, and provide a summary of the grounds for each opinion.

9.  State the name, address, and telephone number of every person present during any of the events alleged in your Complaint.

10.  Identify by name, address, and telephone number all people that you believe have knowledge of any facts that tend to support or refute your claims.

11.    Provide a chronological summary of all your whereabouts and actions during the twenty-four-hour periods immediately preceding and following your arrest.

12.    Have you, or anyone acting on your behalf, made any audio or video tape recordings of, or taken any statements from, any present or former employees of the City of Headland?  If so, state the name, address, and telephone number of each such person, provide the date of the recording or statement, and identify the custodian of the recording or statement.

13.    Have you, or anyone acting on your behalf, made any audio or video tape recordings of, or taken any statements from, any alleged witnesses to the events made the basis of your lawsuit?  If so, state the name, address, and telephone number of each such person, provide the date of the recording or statement, and identify the custodian of the recording or statement.

14.    Has there ever existed any audio or video tape recording of any events related to your lawsuit?  If so, state the name, address, and telephone number of the person who made the tape and of the last known custodians of all editions of the tape.

15.    Has anyone made any photographs or video tapes of the scene of the events made the basis of your lawsuit, or of any person or object related to those events?  If so, identify the person who made such photographs or video tapes by name, address, and telephone number, and describe what is depicted in the photographs or video tapes.

16.    Do you have possession of any physical evidence related to this lawsuit?  If so, provide a complete description of each item.

17.    If you claim to have suffered any physical injury as a result of the events alleged in your complaint, provide a complete description of the alleged injury and identify all medical providers from which you received treatment.

18.    State the name, address, and telephone number of all physicians, hospitals, and other health care providers you have ever consulted for any reason.

19.    State the name, address, and telephone number of all health plans under which you have ever been insured.

20.    Did you ingest any alcoholic beverages or drugs (legal or otherwise) within the twenty-four-hour periods immediately preceding your arrest?  If so, provide a complete description of what you ingested and when.


_____
James H. Pike  (PIK003)
Attorney for Defendant
The City of Headland, Alabama

OF COUNSEL:

SHEALY, CRUM & PIKE, P.C.
P.O. Box 6346
Dothan, Alabama 36302-6346
Tel. (334) 677-3000
Fax (334) 677-0030
E-mail: jpike@scplaw.us


## CERTIFICATE OF SERVICE

I, James H. Pike, certify that on September 6, 2007, I mailed a copy of this document, postage prepaid and properly addressed, to:

Charles N. Reese
REESE & REESE
P.O. Box 250
Daleville, Alabama 36322-0250


_____
James H. Pike

8

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **DANIEL DEAN BENTON, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:07-cv-106-MHT** |
| | ) | |
| **CITY OF HEADLAND, ALABAMA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**REQUESTS FOR PRODUCTION OF DOCUMENTS**
**AND TANGIBLE THINGS TO DANIEL DEAN BENTON**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, defendant The City of Headland, Alabama, serves the following requests for production of documents and tangible things upon plaintiff Daniel Dean Benton.

**DEFINITIONS AND INSTRUCTIONS**

1.     *Statement* includes any written or oral statement made, signed, or otherwise adopted or approved by the person making it, and any stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

2.     *Document* means the original (or an identical duplicate if the original is not available) and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind) of any writings of every kind and description that are fixed in any form of physical media.   Physical

1

media include, but are not limited to, paper media, photographic media, photographic film media (including pictures, film, slides, and microfilm), magnetic media (including but not limited to computer memory, hard disks, floppy disks, compact disks, and magnetic tapes of any kind), optical media, magneto-optical media, and other physical media on which notations or marking of any kind can be affixed.

3.    *Statement, document,* and *tangible thing* each includes, but is not limited to, any such item prepared in anticipation of litigation or for trial by or for any party to this action.

4.    If a request is objected to in part, the objected to part or scope should be identified, the reasons for the objection should be clearly stated, and a complete response to the remaining portions should be provided.

5.    If a privilege is asserted regarding any document, provide a list of the date, type, author, and recipients of each such document and specify the privilege being asserted.

## REQUESTS

1.    All notes, journals, diaries, and other records concerning the allegations in your Complaint.

2.    All medical records, medical bills, and payment records related to any injuries that you claim are related to this lawsuit.

3.     All photographs and video tapes of any injuries that you clam are related to this lawsuit.

4.     All audio tapes, video tapes, and photographs of any present or former Headland police officer.

5.     All audio tapes, video tapes, and photographs of any witness to the events alleged in your Complaint.

6.     All video tapes and photographs of the scene of the events alleged in your Complaint, or of any person or object involved in those events.

7.     All witness statements related to this lawsuit.

8.     All physical evidence related to this lawsuit.

9.     All investigative reports related to the events alleged in your Complaint.

10.    Any deed or other document that evidences an ownership interest, or other right of possession, for the property described in Paragraph 4 of your Complaint.

11.    All correspondence between you, or someone acting on your behalf, and any employee, officer, or elected official of the City of Headland.

12.    All transcripts and recordings of your district court hearing.

13.    All documents related to the charges against you.

14.    All receipts and other documentation of any damages you claim.

15.    All e-mail messages sent or received by you that discuss the events made the basis of your lawsuit.

16.    All materials bearing the City of Headland's name or logo, or authored by the City of Headland or any of its officers or employees.

17.    All paperwork related to your arrest.

18.    All paperwork related to your release from custody.

19.    All damage claims filed with the City of Headland.

20.    All reports prepared by any person that you may call to present expert testimony.

21.    All documents and tangible things provided to any person that you may call to present expert testimony.

22.    All documents and tangible things received from any person that you may call to present expert testimony.

23.    All your state and federal income tax returns for the years 2001 through 2006.

_(signature)_

James H. Pike  (PIK003)
Attorney for Defendant
The City of Headland, Alabama

OF COUNSEL:

SHEALY, CRUM & PIKE, P.C.
P.O. Box 6346
Dothan, Alabama 36302-6346
Tel. (334) 677-3000
Fax (334) 677-0030
E-mail: jpike@scplaw.us

## **CERTIFICATE OF SERVICE**

I, James H. Pike, certify that on September 6, 2007, I mailed a copy of

this document, postage prepaid and properly addressed, to:

Charles N. Reese
REESE & REESE
P.O. Box 250
Daleville, Alabama 36322-0250

_(signature)_

James H. Pike

Law Offices
### SHEALY, CRUM & PIKE, P.C.
2346 West Main Street, Suite 1 (36301)
P.O. Box 6346
Dothan, Alabama 36302-6346
Telephone (334) 677-3000
Fax (334) 677-0030

Steadman S. Shealy, Jr.
Richard E. Crum**
James H. Pike

M. Russ Goodman
Stuart K. Smith
**Also Admitted in
Florida and Georgia

November 8, 2007

Neville Reese
Attorney at Law
P. O. Drawer 250
Daleville, AL 36322

    Re:    Daniel Dean Benton, et al. v. City of Headland
           Our File: 7015

Dear Neville:

    This confirms our telephone conversation in which I requested that your clients respond to our outstanding discovery requests.  You assured me that you would contact your clients to obtain the responses, which are overdue.

    This also confirms your assurance that Daniel Dean and Daniel Dean Benton will not take the Fifth Amendment during their upcoming depositions.

                    Yours truly,

                    SHEALY, CRUM & PIKE, P.C.

                    /s/ James H. Pike

                    James H. Pike

JHP/rem