IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

|  |  |  |
|---|---|---|
| DANIEL DEAN BENTON, et al., | * | |
| Plaintiffs, | * | |
| | * | |
| vs. | * | Case No. 1:07-CV-106-MHT |
| | * | |
| CITY OF HEADLAND, | * | |
| Defendants. | * | |

## **MOTION TO CONTINUE DEADLINES AND RESET TRIAL DATE**

COME the parties in the above styled cause and show unto the court as follows:

1. The parties have been diligently working to accomplish discovery in this matter.

2. At the time that the plaintiffs depositions were initially set the wife of plaintiffs' counsel, after being diagnosed with breast cancer, was scheduled for breast cancer surgery.

3. Based upon the need of plaintiffs' counsel to be present for his wife's surgery, the deposition was continued to a later date.

4. Plaintiffs' counsel had a shoulder injury and upon consultation with his physician surgery was scheduled for plaintiff's counsel.

5. Plaintiffs' counsel underwent surgery and that surgical procedure interfered with the next scheduled deposition date.

6. Plaintiffs' counsel's physician restricted plaintiffs' counsel from work until January 23, 2008 when counsel is scheduled to have his first post-operative visit with his physician. The deposition is scheduled for January 23, 2008.

7. As a result of the shoulder surgery counsel for the plaintiffs is required to take certain narcotic drugs which potentially could impair counsel's ability to perform at the deposition scheduled on the same date as counsel's initial post-surgical medical consultation.

8. It is not possible for counsel for the plaintiffs to attend the deposition on the 23rd of January 2008 due to the doctor visit on the same date and due to the probability that counsel for the plaintiff will be taking narcotic drugs.

9. Counsel for the defendant will not be able to take the deposition of the plaintiffs in a sufficiently timely manner to meet the dispositive motion deadline as it is currently set.

10. It is through no fault of either counsel that the problems associated with the taking of the plaintiffs depositions have arisen and the depositions have only not been taken as a result of medical necessity.

WHEREFORE the parties jointly move that the dispositive motion deadline be continued and the trial date extended.

S/ Charles N. Reese
Charles N. Reese, (REE010)
Attorney for Defendant
P.O. Drawer 250
Daleville, AL 36322
Telephone: (334) 598-6321

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing pleading on James H. Pike, Attorney for the Defendant, Shealy, Crum, & Pike, P.C. P.O. using the electronic filing system this the 15th day of January 2008.

S/ Charles N. Reese
Charles N. Reese